# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In Re: <br><br> GENERATIONS ON 1ST, LLC, <br><br> Debtor. | Case No.: 25-30002 <br><br> Chapter 11 |
| In Re: <br><br> PARKSIDE PLACE, LLC, <br><br> Debtor. | Case No.: 25-30003 <br><br> Chapter 11 |

### OBJECTION OF RED RIVER STATE BANK TO DEBTORS' MOTIONS FOR LEAVE TO USE CASH COLLATERAL

#### INTRODUCTION

Red River State Bank ("RRSB"), by and through the undersigned counsel, hereby objects (the "Objection") to the Motions for Leave to Use Cash Collateral filed by Debtor Generations on 1st, LLC ("Generations"), *see* Generations ECF No. 12, and Debtor Parkside Place, LLC ("Parkside"). *See* Parkside ECF No. 12.[1]  In support, RRSB states as follows:[2]

---

[1]    RRSB shall collectively refer to Generations and Parkside as "Debtors" and their respective Motions for Leave to Use Cash Collateral as the "Motions".

[2]    At the time of this Objection, counsel for RRSB remains in communication with Debtors discussing specific terms of protection for RRSB in exchange for RRSB's consent to use cash collateral.  To date, there is no agreed stipulation for the use of cash collateral.  Accordingly, RRSB does not consent to the Debtors' use of cash collateral and files this Objection to preserve its objections to the Debtors' use of cash collateral.  However, the parties may arrive at a negotiated stipulation prior to the interim or final hearings on the Motions.

**RRSB'S RENT CLAIMS**

**I.     Generations**

RRSB and Generations are parties to certain Promissory Notes as follows:

a. Promissory Note dated March 15, 2021, in the original principal sum of $1,565,200.00 ("First Generations Note"). The maturity date of the First Generations Note was March 15, 2023. Generations ECF No. Claim 1 Part 2, Ex. A.

b. Promissory Note dated September 14, 2021, in the original principal sum of $2,976,430.98 ("Second Generations Note"). The maturity date of the Second Generations Note was March 31, 2022. Generations ECF No. Claim 1 Part 2, Ex. B.

c. Promissory Note dated October 14, 2021, in the original principal sum of $1,094,025.15 ("Third Generations Note"). The maturity date of the Third Generations Note was March 31, 2022. Generations ECF No. Claim 1 Part 2, Ex. C.

d. Promissory Note dated November 9, 2021, in the original principal sum of $424,259.84 ("Fourth Generations Note"). The maturity date of the Fourth Generations Note was March 31, 2022. Generations ECF No. Claim 1 Part 2, Ex. D.

e. Promissory Note dated December 8, 2021, in the original principal sum of $843,168.59 ("Fifth Generations Note"). The original maturity date of the Fifth Generations Note was March 31, 2022. Generations ECF No. Claim 1 Part 2, Ex. E.

f. Promissory Note dated January 5, 2022, in the original principal sum of $653,729.65 ("Sixth Generations Note"). The original maturity date of the Sixth Generations Note was December 31, 2022. Generations ECF No. Claim 1 Part 2, Ex. F.

g. Promissory Note dated February 3, 2022, in the original principal sum of $274,043.60 ("Seventh Generations Note"). The original maturity date of the Seventh Generations Note was December 31, 2022. Generations ECF No. Claim 1 Part 2, Ex. G.

h. Promissory Note dated April 17, 2023, in the original principal sum of $8,100,000.00 ("Eighth Generations Note"). The original maturity date of the Eighth Generations Note is December 1, 2026. Generations ECF No. Claim 1 Part 2, Ex. H.

      i.      Promissory Note dated April 17, 2023, in the original principal sum of $561,365.10 ("Ninth Generations Note"). The original maturity date of the Ninth Generations Note was March 31, 2023. Generations ECF No. Claim 1 Part 2, Ex. I.

(hereinafter, collectively, the "Generations Notes").

To secure payment on the Generations Notes, Generations made in favor of, executed, and delivered to RRSB a Constructions Mortgage - One Hundred Eighty Day Redemption (the "First RRSB Mortgage") on the following-described real property:

> Generations on First Addition to the City of Watertown, Codington County, South Dakota, according to the recorded plat thereof.
>
> Street Address:     26 1st Ave. SW, Watertown, SD 57201
>
> Tax ID:     9580

(hereinafter, the "Generations Real Property"). The First RRSB Mortgage was properly executed, acknowledged, and recorded in Book 990 on Page 7262 in the office of the Register of Deeds of Codington County, South Dakota, having been recorded on August 3, 2021, at 10:09 a.m. Generations ECF No. Claim 1 Part 2, Ex. Q.

On or about April 17, 2023, as additional security for Generations Notes, Generations made in favor of, executed, and delivered to RRSB an Assignment of Rents (the "Generations AOR") with respect to the Generations Real Property. The Generations AOR was properly executed, acknowledged, and recorded in Book 992 on Page 154 in the office of the Register of Deeds of Codington County, South Dakota, having been recorded on May 5, 2023, at 10:12 a.m. Generations ECF No. Claim 1 Part 2, Ex. S.

RRBS began enforcement of its assignment of rents set forth in both the RRSB Mortgage and the Generations AOR in February 2024 by sending notice to Generations and to all known tenants of the Generations Real Property.

On or about October 1, 2024, a receiver was appointed to take possession of the rents and mage the Generations Real Property via an Order Appointing Receiver in the state court action of *RRSB v. Generations et al.*, Circuit Court, County of Codington, Third Judicial Circuit, State of South Dakota.  Generations ECF No. Claim 1 Part 2, Ex. T.

**II.     Parkside**

RRSB and Parkside are parties to a Promissory Notes of date December 13, 2021, in the original principal amount of $4,2000,000.00 (the "Parkside Note").  Parkside ECF No. Claim 1 Part 2, Ex. A.

To secure payment on the Parkside Note, Parkside made in favor of, executed, and delivered to RRSB a Mortgage Collateral Real Estate Mortgage One Hundred Eighty Day Redemption (the "Parkside Mortgage") on the following-described real property:

Parkside Place Addition to the City of Watertown, Codington County, South Dakota, according to the recorded plat thereof.

Street Address:        82nd St. NE, Watertown, SD 57201

Tax ID:                9358

(hereinafter, the "Parkside Real Property").  The Parkside Mortgage was properly executed, acknowledged, and recorded in Book 990 on Page 8073 in the office of the Register of Deeds of Codington County, South Dakota, having been recorded on December 15, 2021, at 10:11 a.m.  Parkside ECF No. Claim 1 Part 2, Ex. I.

On or about December 13, 2021, as additional security for Parkside Note, Parkside made in favor of, executed, and delivered to RRSB an Assignment of Rents (the "Parkside AOR") with respect to the Parkside Real Property.  The Parkside AOR was properly executed, acknowledged, and recorded in Book 990 on Page 8076 in the office of the Register of Deeds

4

of Codington County, South Dakota, having been recorded on December 15, 2021, at 10:14 a.m. Parkside ECF No. Claim 1 Part 2, Ex. J.

RRBS began enforcement of its assignment of rents set forth in both the Parkside Mortgage and the Parkside AOR in February 2024 by sending notice to Parkside and to all known tenants of the Parkside Real Property.

On or about October 1, 2024, a receiver was appointed to take possession of the rents and manage the Parkside Real Property via an Order Appointing Receiver in the state court action of *RRSB v. Parkside et al.*, Circuit Court, County of Codington, Third Judicial Circuit, State of South Dakota. Parkside ECF No. Claim 1 Part 2, Ex. K.

## LAW AND ARGUMENT

Debtors' Motions request orders from this Court authorizing them to use post-petition rents as cash collateral under Section 363 of the Bankruptcy Code. *See generally* ECF Nos. 12. This Court should deny the Motions for two reasons. First, Debtors fail to offer RRSB adequate protection for the use of post-petition rents. Second, even if Debtors did offer RRSB adequate protection, this Court cannot authorize Debtors' use of the funds because the property is not "cash collateral" in which Debtors possess an interest. Accordingly, this Court should deny the Motions.

**I.  Debtors' failure to provide RRSB adequate protection for use of cash collateral requires denial of Debtors' Motions.**

Under Section 363, a debtor in possession may only use cash collateral: (A) with the consent of the secured creditor, or (B), after notice and a hearing, through order of the court. 11 U.S.C. § 363(c)(2). Because RRSB does not consent, Debtors may only use cash collateral "in accordance with the provisions of" Section 363.

5

Debtors admit Section 363 requires it to pay RRSB "adequate protection" for the use of cash collateral in which RRSB possesses an interest. *See* 11 U.S.C. § 363(e). Whether a debtor provides adequate protection for use of cash collateral must be determined on a case-by-case basis—

> In any given case, the bankruptcy court must necessarily (1) establish the value of the secured creditor's interest, (2) identify the risks to the secured creditor's value resulting from the debtor's request for use of cash collateral, and (3) determine whether the debtor's adequate protection proposal protects value as nearly as possible against risks to that value consistent with the concept of indubitable equivalence.

*In re Martin*, 761 F.2d 472, 476-77 (8th Cir. 1985). Here, Debtors fail to provide adequate protection because they fail to provide RRSB with *any* additional protection.

Debtors purport to offer RRSB adequate protection in the form of "replacement liens sufficient to ensure the bank's position remains as robust as it was when the Debtors sought bankruptcy relief." ECF Nos. 12, at 2. But analysis of Debtors' Motions shows that Debtors fail to offer RRSB any new replacement liens in property. With respect to liens in property acquired post-petition, by the very nature of their Motions, Debtors implicitly concede that RRSB possesses a perfected security interest in post-petition rents. This comports with 11 U.S.C. § 552(b) which provides that if the debtor had a perfected prepetition security interest in rents then it extends to post-petition rents. So Debtors cannot offer RRSB a "replacement" lien in post-petition rents because RRSB already has a lien in such property under Section 552(b). An offer to provide a replacement lien in post-petition rents is not giving RRSB something that it doesn't already have.

As to current property, Debtors admit that they cannot provide RRSB a replacement lien in current assets because Debtors concede that they lack any cash assets. *See* ECF Nos.

6

12, at 5 n.1. Instead, Debtors propose to provide RRSB replacement liens in prepetition rents currently held by the receiver appointed in the state court litigation. *See* ECF Nos. 12, at 5 n.1. Debtors argue it can provide RRSB replacement liens in these prepetition rents because they are subject to turnover, and free from any perfected security interest of RRSB. *See* ECF Nos. 12, at 5 n.1. Debtors' argument fails because these prepetition rents are not subject to turnover, and even if subject to turnover, RRSB would already possess a perfected right in the funds.

Section 543 of the bankruptcy code requires a custodian to turnover property the estate in its possession at the time of the filing of a bankruptcy petition. *See* 11 U.S.C. § 543(a). In *Sovereign Bank v. Schwab*, 414 F.3d 450 (3d Cir. 2005), the Third Circuit sought to determine whether prepetition rents in possession of a receiver were subject to turnover. *See id.* at 451. There, the bank possessed mortgages against rental properties that included assignment of rents provisions. *Id.* at 451-52. When the debtor defaulted on its obligations, the bank commenced foreclosure proceedings, exercising its assignment of rents rights by giving notice to tenants informing them that it would be collecting the rental payments. *Id.* at 452. Thereafter, the district court appointed the bank as receiver "'to take possession, charge and control of the mortgaged propert[ies].'" *Id.* (alteration in original). When the debtor subsequently filed bankruptcy, the Chapter 7 trustee commenced an adversary action seeking the turnover of rents collected by the bank. *Id.* The bankruptcy court found in favor of the trustee,[3] with the bank appealing to the Third Circuit. *Id.*

---

[3] The district court had also found in favor of the trustee. *See Sovereign Bank*, 414 F.3d at 452.

7

The Third Circuit identified the issue on appeal as "whether rents collected by the bank are property of the bankruptcy estate." *Id.* The bank argued it held title the rents because it "took the necessary and appropriate steps to obtain legal title to the rents, thereby extinguishing the debtor's interest in the funds." *Id.* at 453. The Third Circuit agreed, holding that because the bank had taken the necessary and appropriate steps to obtain title to the assigned rents prepetition, that the rents were not property of the estate subject to turnover. *Id.* at 455.

Here, Debtors assigned their respective rights to rents to RRSB. *See* Generations ECF No. Claim 1 Part 2, Exs. Q & S; Parkside ECF No. Claim 1 Part 2, Exs. I & J. Under South Dakota law, a creditor exercises its rights provided under an assignment of rents "by obtaining possession of the property <u>or by having a receiver appointed by the state court</u>." *In re Buckley*, 65 B.R. 283, 284 (Bankr. D.S.D. 1986) (citing *Rudolph v. Herman*, 4 S.D. 283, 56 N.W. 901 (1893); *First Federal Savings & Loan v. Clark Investment Co.*, 322 N.W.2d 258 (S.D.1982); *Aetna Life Insurance Co. v. McElvain*, 363 N.W.2d 186 (S.D.1985)). RRSB exercised its rights to rents by taking the necessary and appropriate steps to effect the assignment of rents—both by taking steps to obtain possession of the rents <u>and</u> by having a receiver appointed in the respective state court actions. *See* Generations ECF No. Claim 1 Part 2, Ex. T; Parkside ECF No. Claim 1 Part 2, Ex. K. Because RRSB exercised its assignment rights in the prepetition rents, the funds are not subject to turnover to Debtors.

And even if, *arguendo*, Debtors still possessed some residual equitable right to the prepetition rents that would permit turnover, the prepetition rents would still be subject to RRSB's perfected interest in the funds as proceeds of its collateral and/or general intangibles. Debtors argue RRSB does not have an interest in the prepetition rents because "it is not

8

believed RRSB has an account control for these accounts[4] . . . ." ECF Nos. 12, at 5 n.1 (citing S.D. Codified Laws § 57A-9-314). But—

> [t]he use of the term "perfection" can be confusing and should be avoided in connection with mortgages and assignments of rents. "Perfection" generally refers to the procedures necessary to establish liens under the Pennsylvania Uniform Commercial Code. That statute, however, does not cover mortgages and assignments of rents.

*Commerce Bank v. Mountain View Village, Inc.*, 5 F.3d 34, 39 (3d Cir. 1993) (citation omitted); *see also* S.D. Codified Laws § 57A-9-109(d)(11) (perfection under Chapter 9 of the UCC does not apply to "[t]he creation or transfer of an interest in or a lien on real property, including a lease or rents thereunder"); S.D. Codified Laws § 57A-9-604(a)(2) (if secured party enforces its rights against personal property using the rules regarding personal property foreclosure, then Part 6 of the Article 9 of the UCC does not apply); S.D. Codified Law § 57A-9-607(a), (e) and cmt 6 (If a right to payment is secured by a mortgage the process for enforcing the real estate lien is determined by law other than Article 9). Instead, RRSB enforced its rights to the prepetition rents through the appointment of the receiver. *In re Buckley*, 65 B.R. at 284. Debtors' argument that RRSB lacks an enforceable interest in the prepetition rents lacks legal support.

As such, Debtors fail to offer RRSB adequate protection. Debtors currently lack any cash, are not entitled to prepetition rents, and RRSB already possesses a perfected interest in post-petition rents. Because Debtors fail to offer RRSB adequate protection—Debtors fail to

---

[4] The accounts into which the receiver has deposited the pre-petition rents is actually held and owned and held by HME Companies, LLC. It is not an account of the Debtors and thus does not constitute a "deposit account" under the UCC.

offer RRSB anything it does not already possess—Debtors are not entitled to the use of the requested cash collateral.

**II.    The funds at issue are not "cash collateral" because Debtors lack an interest in the funds at issue.**

Even if, *arguendo*, Debtors did offer RRSB adequate protection, Debtors' request to use post-petition rents under Section 363 still fails because the funds at issue are not "cash collateral" subject to Section 363. The Bankruptcy Code defines "cash collateral" is "cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents[,]" and the "proceeds, products, offspring, rents, or profits" thereof, in which the debtor's estate—and another—have an interest. 11 U.S.C. § 363(a). In other words, a debtor must have an interest in the cash or cash equivalents for the property to be considered "cash collateral" under Section 363.

Debtors lack sufficient interest in post-petition rents. In *Commerce Bank v. Mountain View Village, Inc.*, 5 F.3d 34 (3d Cir. 1993), debtor owned an apartment complex, and entered into mortgages with the bank that contained an assignment of rents provision. *Id.* at 35-36. When the debtor defaulted on its obligations to the bank, the bank exercised its rights under the assignment of rents, collecting rents thereafter due. *Id.* at 36. The debtor then filed its bankruptcy petition, and sought to use post-petition rents in its reorganization plan as cash collateral. *Id.* The bankruptcy court held that the debtor retained an equitable interest in the rents that was property of the estate, and thus held the post-petition rents were available as cash collateral. *Id.* The district court reversed, and the debtor appealed. *Id.*

On appeal, the Third Circuit found that the bank held mortgages containing assignments of rents, and that the bank had exercised those rights and collected rents prepetition. *Id.* at 38.

10

"Therefore," the Third Circuit held that the rents were "not property of the debtor's estate and [we]re not available for use in a plan of reorganization." *Id.* (citation omitted).

As outlined above, following Debtors' defaults, RRSB exercised its rights to rents. Because RRSB has already effectively obtained title to those funds through the assignment, Debtors' post-petition rents are not property of their respective estates. *See also In re Jason Realty, L.P.*, 59 F.3d 423 (3d Cir. 1995) (holding rents were not estate property under Section 541(a)(6) when creditor had exercised assignment of rents prepetition); *In re Skymark Props. II, LLC*, 597 B.R. 363 (Bankr. E.D. Mich. 2019) (prepetition assignment of rents was effective to transfer ownership of the rents from debtor to mortgage creditor, such that rental income was not property of the bankruptcy estate and could not be used by debtor as cash collateral, where debtor had executed the assignment of rents as part of its execution of the mortgage, the mortgage and its assignment of rents were recorded, and debtor had defaulted under the mortgage, all prepetition); *In re Lingham Rawlings, LLC*, No. 10-32769, 2010 WL 3490204 (Bankr. E.D. Tenn. Sept. 1, 2010) (in denying motion for use of cash collateral, finding assignment of rents to creditor was an absolute assignment leaving debtor no legal right to the property and any equitable right that may have existed was subordinate to and could not be asserted against the lender until debt was satisfied, so rents were not property of the estate). Because the rents are not property of the estates, Debtors are not entitled to use the rents for their respective reorganizations. *Commerce Bank*, 5 F.3d at 38.

## **CONCLUSION**

For the foregoing reasons, RRSB respectfully requests the denial of Debtors' Motions on an interim or final basis.

11

Dated this 15th day of January, 2025.

**VOGEL LAW FIRM**

BY: /s/ Drew J. Hushka
 Caren W. Stanley (#06100)
 cstanley@vogellaw.com
 Drew J. Hushka (#08230)
 dhushka@vogellaw.com
 218 NP Avenue
 PO Box 1389
 Fargo, ND  58107-1389
 701.237.6983
 ATTORNEYS FOR RED RIVER STATE BANK

**Re:** Generations On 1st LLC
Case No. 25-30002

Parkside Place, LLC
Case No. 25-30003

| | | |
|---|---|---|
| STATE OF NORTH DAKOTA | ) | |
| | ) SS | **CERTIFICATE OF SERVICE** |
| COUNTY OF CASS | ) | |

Sonie Thompson, being first duly sworn, does depose and say: she is a resident of Cass County, North Dakota, of legal age and not a party to or interested in the above-entitled matter.

On January 15, 2025, affiant caused the following document(s):

**OBJECTION OF RED RIVER STATE BANK TO DEBTORS'
MOTIONS FOR LEAVE TO USE CASH COLLATERAL**

to be served electronically to the following:

*ALL ECF Participants.*

*/s/ Sonie Thompson*
Sonie Thompson

Subscribed and sworn to before me this 15th day of January, 2025.

*Jill Nona*
Notary Public, Cass County, North Dakota

(SEAL)

4930-5709-3901 v.1