**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| In Re:<br><br>GENERATIONS ON 1ST, LLC,<br><br>Debtor. | Case No.: 25-30002<br><br>Chapter 11 |
| In Re:<br><br>PARKSIDE PLACE, LLC,<br><br>Debtor. | Case No.: 25-30003<br><br>Chapter 11 |

**RED RIVER STATE BANK'S MOTION EXCUSING HME COMPANIES, LLC'S COMPLIANCE WITH SECTION 543 OF THE BANKRPUTCY CODE**

### INTRODUCTION

Red River State Bank ("RRSB"), hereby moves this Court (the "Motion") pursuant to Section 543(d) of Title 11 of the United States Code (the "Bankruptcy Code") for entry of an order excusing HME Companies, LLC ("HME"), a custodian of property of Debtor Generations on 1st, LLC ("Generations") and Debtor Parkside Place, LLC ("Parkside"),[1] from compliance with Section 543(a), (b), and (c) of the Bankruptcy Code, permitting HME to retain possession, custody, and control of certain property of Debtors, and any proceeds in its possession, custody, and control; excusing HME from turning over the property and any proceeds, from filing an accounting of the property and any proceeds, and from being

---

[1] RRSB shall collectively refer to Generations and Parkside as "Debtors".

surcharged for any improper or excessive disbursements from the property. In support, RRSB states as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b). RRSB does consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicate for the relief requested herein are sections 543 of the Bankruptcy Code.

**FACTUAL BACKGROUND**

**I. Generations**

4. RRSB and Generations are parties to certain Promissory Notes as follows:

    a. Promissory Note dated March 15, 2021, in the original principal sum of $1,565,200.00 ("First Generations Note"). The maturity date of the First Generations Note was March 15, 2023. Generations ECF No. Claim 1 Part 2, Ex. A.

    b. Promissory Note dated September 14, 2021, in the original principal sum of $2,976,430.98 ("Second Generations Note"). The maturity date of the Second Generations Note was March 31, 2022. Generations ECF No. Claim 1 Part 2, Ex. B.

    c. Promissory Note dated October 14, 2021, in the original principal sum of $1,094,025.15 ("Third Generations Note"). The maturity date of the Third Generations Note was March 31, 2022. Generations ECF No. Claim 1 Part 2, Ex. C.

    d. Promissory Note dated November 9, 2021, in the original principal sum of $424,259.84 ("Fourth Generations Note"). The maturity date of the

        Fourth Generations Note was March 31, 2022.  Generations ECF No. Claim 1 Part 2, Ex. D.

    e.    Promissory Note dated December 8, 2021, in the original principal sum of $843,168.59 ("Fifth Generations Note").  The original maturity date of the Fifth Generations Note was March 31, 2022.  Generations ECF No. Claim 1 Part 2, Ex. E.

    f.    Promissory Note dated January 5, 2022, in the original principal sum of $653,729.65 ("Sixth Generations Note").  The original maturity date of the Sixth Generations Note was December 31, 2022.  Generations ECF No. Claim 1 Part 2, Ex. F.

    g.    Promissory Note dated February 3, 2022, in the original principal sum of $274,043.60 ("Seventh Generations Note").  The original maturity date of the Seventh Generations Note was December 31, 2022. Generations ECF No. Claim 1 Part 2, Ex. G.

    h.    Promissory Note dated April 17, 2023, in the original principal sum of $8,100,000.00 ("Eighth Generations Note"). The original maturity date of the Eighth Generations Note is December 1, 2026.  Generations ECF No. Claim 1 Part 2, Ex. H.

    i.    Promissory Note dated April 17, 2023, in the original principal sum of $561,365.10 ("Ninth Generations Note"). The original maturity date of the Ninth Generations Note was March 31, 2023.  Generations ECF No. Claim 1 Part 2, Ex. I.

(hereinafter, collectively, the "Generations Notes").

5.    To secure payment on the Generations Notes, Generations made in favor of, executed, and delivered to RRSB a Constructions Mortgage - One Hundred Eighty Day Redemption (the "First RRSB Mortgage") on the following-described real property:

Generations on First Addition to the City of Watertown, Codington County, South Dakota, according to the recorded plat thereof.

Street Address:    26 1st Ave. SW, Watertown, SD 57201

Tax ID:    9580

(hereinafter, the "Generations Real Property").  The First RRSB Mortgage was properly executed, acknowledged, and recorded in Book 990 on Page 7262 in the office of the Register

3

of Deeds of Codington County, South Dakota, having been recorded on August 3, 2021, at 10:09 a.m.  Generations ECF No. Claim 1 Part 2, Ex. Q.

6.     On or about April 17, 2023, as additional security for Generations Notes, Generations made in favor of, executed, and delivered to RRSB an Assignment of Rents (the "Generations AOR") with respect to the Generations Real Property.  The Generations AOR was properly executed, acknowledged, and recorded in Book 992 on Page 154 in the office of the Register of Deeds of Codington County, South Dakota, having been recorded on May 5, 2023, at 10:12 a.m.  Generations ECF No. Claim 1 Part 2, Ex. S.

7.     RRBS began enforcement of its assignment of rents set forth in both the RRSB Mortgage and the Generations AOR in February 2024 by sending notice to Generations and to all known tenants of the Generations Real Property.

8.     On or about October 1, 2024, HME was appointed to take possession of the rents and manage the Generations Real Property via an Order Appointing Receiver in the state court action of *RRSB v. Generations et al.*, Circuit Court, County of Codington, Third Judicial Circuit, State of South Dakota.  Generations ECF No. Claim 1 Part 2, Ex. T.

9.     As a result, on or about October 1, 2024, HME took possession of the Generations Real Property.  HME is currently in the possession, custody, and control of the Generations Real Property, and its proceeds, product, offspring, rents, or profits (the "Prepetition Generations Rents").

**II.    Parkside**

10.    RRSB and Parkside are parties to a Promissory Notes of date December 13, 2021, in the original principal amount of $4,2000,000.00 (the "Parkside Note").  Parkside ECF No. Claim 1 Part 2, Ex. A.

4

11. To secure payment on the Parkside Note, Parkside made in favor of, executed, and delivered to RRSB a Mortgage Collateral Real Estate Mortgage One Hundred Eighty Day Redemption (the "Parkside Mortgage") on the following-described real property:

Parkside Place Addition to the City of Watertown, Codington County, South Dakota, according to the recorded plat thereof.

Street Address: 82nd St. NE, Watertown, SD 57201

Tax ID: 9358

(hereinafter, the "Parkside Real Property"). The Parkside Mortgage was properly executed, acknowledged, and recorded in Book 990 on Page 8073 in the office of the Register of Deeds of Codington County, South Dakota, having been recorded on December 15, 2021, at 10:11 a.m. Parkside ECF No. Claim 1 Part 2, Ex. I.

12. On or about December 13, 2021, as additional security for Parkside Note, Parkside made in favor of, executed, and delivered to RRSB an Assignment of Rents (the "Parkside AOR") with respect to the Parkside Real Property. The Parkside AOR was properly executed, acknowledged, and recorded in Book 990 on Page 8076 in the office of the Register of Deeds of Codington County, South Dakota, having been recorded on December 15, 2021, at 10:14 a.m. Parkside ECF No. Claim 1 Part 2, Ex. J.

13. RRBS began enforcement of its assignment of rents set forth in both the Parkside Mortgage and the Parkside AOR in February 2024 by sending notice to Parkside and to all known tenants of the Parkside Real Property.

14. On or about October 1, 2024, HME was appointed to take possession of the rents and manage the Parkside Real Property via an Order Appointing Receiver in the state court

5

action of *RRSB v. Parkside et al.*, Circuit Court, County of Codington, Third Judicial Circuit, State of South Dakota. Parkside ECF No. Claim 1 Part 2, Ex. K.

15. As a result, on or about October 1, 2024, HME took possession of the Parkside Real Property. HME is currently in the possession, custody, and control of the Parkside Real Property, and its proceeds, product, offspring, rents, or profits (the "Prepetition Parkside Rents").

**III. Debtors' Bankruptcy**

16. One January 6, 2025 ("Petition Date"), Debtors commenced voluntary cases under Chapter 11 of the Bankruptcy Code.

17. Except for the Generations Real Property, Prepetition Generations Rents, Parkside Real Property, and Parkside Prepetition Rents, Debtors continue in the possession of their property and manage their businesses as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

**REQUESTED RELIEF AND THE BASIS THEREFOR**

18. By this Motion, RRSB seeks entry of an order, pursuant to Bankruptcy Code Section 543(d), excusing the HME from complying with Sections 543(a), (b) and (c) of the Bankruptcy Code.

19. This Court may excuse a custodian appointed under an assignment for the benefit of creditors from compliance with Sections 543(a), (b) and (c) of the Bankruptcy Code if the interests of creditors are better served by HME remaining in possession, custody, or control of property.

6

20. As outlined herein, this Court should excuse HME from turning over the Generations Real Property, Prepetition Generations Rents, Parkside Real Property, and Parkside Prepetition Rents.

21. A proposed form of order granting the relief requested in this Motion is attached hereto as Exhibit A ("Proposed Order").

## I.    The Generations Prepetition Rents and Parkside Prepetition Rents

22. As an initial matter, the Generations Prepetition Rents and Parkside Prepetition rents are not subject to turnover because they are not property of Debtors' bankruptcy estates.

23. Section 543 of the bankruptcy code requires a custodian to turnover property the estate in its possession at the time of the filing of a bankruptcy petition. *See* 11 U.S.C. § 543(a). In *Sovereign Bank v. Schwab*, 414 F.3d 450 (3d Cir. 2005), the Third Circuit sought to determine whether prepetition rents in possession of a receiver were subject to turnover. *See id.* at 451. There, the bank possessed mortgages against rental properties that included assignment of rents provisions. *Id.* at 451-52. When the debtor defaulted on its obligations, the bank commenced foreclosure proceedings, exercising its assignment of rents rights by giving notice to tenants informing them that it would be collecting the rental payments. *Id.* at 452. Thereafter, the district court appointed the bank as receiver "'to take possession, charge and control of the mortgaged propert[ies].'" *Id.* (alteration in original). When the debtor subsequently filed bankruptcy, the Chapter 7 trustee commenced an adversary action seeking

7

the turnover of rents collected by the bank. *Id.* The bankruptcy court found in favor of the trustee,[2] with the bank appealing to the Third Circuit. *Id.*

24. The Third Circuit identified the issue on appeal as "whether rents collected by the bank are property of the bankruptcy estate." *Id.* The bank argued it held title the rents because it "took the necessary and appropriate steps to obtain legal title to the rents, thereby extinguishing the debtor's interest in the funds." *Id.* at 453. The Third Circuit agreed, holding that because the bank had taken the necessary and appropriate steps to obtain title to the assigned rents prepetition, that the rents were not property of the estate subject to turnover. *Id.* at 455.

25. Here, Debtors assigned their respective rights to rents to RRSB. *See* Generations ECF No. Claim 1 Part 2, Exs. Q & S; Parkside ECF No. Claim 1 Part 2, Exs. I & J. Under South Dakota law, a creditor exercises its rights provided under an assignment of rents "by obtaining possession of the property <u>or by having a receiver appointed by the state court</u>." *In re Buckley*, 65 B.R. 283, 284 (Bankr. D.S.D. 1986) (citing *Rudolph v. Herman*, 4 S.D. 283, 56 N.W. 901 (1893); *First Federal Savings & Loan v. Clark Investment Co.*, 322 N.W.2d 258 (S.D.1982); *Aetna Life Insurance Co. v. McElvain*, 363 N.W.2d 186 (S.D.1985)). RRSB exercised its rights to rents by taking the necessary and appropriate steps to effect the assignment of rents—both by taking steps to obtain possession of the rents <u>and</u> by having a receiver appointed in the respective state court actions. *See* Generations ECF No. Claim 1 Part 2, Ex. T; Parkside ECF No. Claim 1 Part 2, Ex. K. Because RRSB exercised its assignment

---

[2] The district court had also found in favor of the trustee. *See Sovereign Bank*, 414 F.3d at 452.

8

rights in the prepetition rents, the Generations Prepetition Rents and Parkside Prepetition Rents are not subject to turnover to Debtors.

## II.   The Generations Real Property and Parkside Real Property

26.   Under § 543 of the Code, a custodian who has knowledge of the commencement of a case under the Code is barred from taking any further action in the administration of the debtor's property and must deliver to the debtor any assets of the estate in his possession at the time he learns that a bankruptcy case was filed. *See* 11 U.S.C. §§ 543(a), (b); *see also Matter of Cash Currency Exchange, Inc.*, 762 F.2d 542, 553 (7th Cir.), c*ert. denied sub nom. Fryzel v. Cash Currency Exchange, Inc.*, 474 U.S. 904 (1985). Section 543(d)(1) excepts a custodian from the turnover requirements of Section 543(b) if the interests of creditors—and, if the debtor is solvent, equity security holders—would be better served by permitting the custodian to continue in possession, custody or control of such property. *See* 11 U.S.C. § 543(d)(1). A state court appointed receiver is a "custodian" within the meaning of Section 101(11) of the Bankruptcy Code. *See, e.g.*, *In re 245 Associates, L.L.C.*, 188 B.R. 743, 747–48 (Bankr. S.D.N.Y. 1995).

27.   The party seeking exception to Section 543 bears the burden of establishing cause under Section 543(d) to excuse a receiver from the turnover provision of Section 543. *In re Northgate Terrace Apartments, Ltd.*, 117 B.R. 328, 332 (Bankr. S.D.Ohio 1990). With the burden being a preponderance of the evidence. *See, e.g.*, *In re S.E. Hornsby & Sons Sand & Gravel Co., Inc.*, 57 B.R. 909, 913 (Bankr. M.D.La.1986) (preponderance of the evidence standard applied in turnover proceeding under Section 543).

28.   In evaluating "cause" under Section 5432, bankruptcy courts consider the following factors: (1) whether there will be sufficient income to fund a successful

9

reorganization; (2) whether the debtor will use the property for the benefit of its creditors; (3) whether there has been mismanagement by the debtor; and (4) whether there are preferences which a receiver is not empowered to avoid. *In re Constable Plaza Assocs., L.P.*, 125 B.R. 98, 103 (Bankr. S.D.N.Y.1991); *In re CCN Realty Corp.*, 19 B.R. 526, 528–29 (Bankr. S.D.N.Y. 1982. These factors favor the Motion.

29. Taking these factors in reverse order, RRSB is unaware of any preferences at this time, let alone preferences that HME would lack power to avoid.

30. As to management, under the management of HME, occupancy in the Generations Real Property has increased to 84.9% occupancy. Similarly, occupancy in the Parkside Real Property has risen to 100% occupancy. The properties' strong current performance is an indication of HME's competency to successfully manage the properties. Conversely, the properties' underperformances under Debtors' control is indicative of mismanagement. Additionally, as part of orders appointing HMR receiver, Debtors were directed to provide to HME the security deposits for tenants of the Generations Real Property and Parkside Real Property. Despite these lawful orders, Debtors admit that they disregarded the same, and have retained the security deposits.

31. As to the benefit, HME will continue to operate the Generations Real Property and Parkside Real Property for the benefit of Debtors' creditors as directed in orders appointing it to act as receiver.

32. Finally, as to income, as outlined above HME's successful management has brought the Generations Real Property and Parkside Real Property to at or near capacity. Despite that increase in occupancy, and because Debtors admit that they are single-asset real estate cases, *see* ECF Nos. 1, at 2, #7 (attesting to being single asset real estate), RRSB

10

respectfully avers that Debtors will be unable to generate sufficient income to fund a successful reorganization when Debtors' own proposed cash collateral budgets establish that Debtors' operations of the properties would fail to generate sufficient income to make debt service payments to RRSB even covering interest.

33. The foregoing factors show that this Court should exempt HME from turning over the Generations Real Property and Parkside Real Property. *See, e.g.*, *In re Dill v. Dime Savings Bank, FSB (In re Dill)*, 163 B.R. 221, 226 (E.D.N.Y. 1994) (affirming bankruptcy court holding that receiver should be excused from turnover requirements where there was significant mismanagement of the properties and secured creditor had to pay for repairs to the properties); *Matter of Plantation Inn Partners*, 142 B.R. 561, 563 (Bankr. S.D.Ga.1992) (receiver excused from turnover where court found that debtor had defaulted on mortgage payments, failed to pay taxes, failed to report revenues and pay franchise fees to its franchisor, failed to place casualty and liability insurance on the property, allowed flood insurance to lapse, hired an unqualified manager for the hotel, failed to maintain current accounting records, failed to account for approximately $20,000.00 drawn on counter checks of the business, and paid over $50,000.00 to debtor's principal or his affiliated companies for "management services" without documentation or justification).

## NOTICE

34. RRSB will provide notice of this Motion to: (a) the US Trustee; (b) secured lenders; (c) Debtors; and (d) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, RRSB submits that no other or further notice is necessary.

35. No prior request for the relief sought herein has been made to this Court or any other court.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, RRSB respectfully requests that this Court enter an order, substantially in the form attached hereto, granting the relief requested in the Motion/excusing HME from turnover of the Generations Real Property, Prepetition Generations Rents, Parkside Real Property, and Parkside Prepetition Rents, providing an accounting, and being assessed a surcharge for improper or excessive disbursements from the Generations Real Property, Prepetition Generations Rents, Parkside Real Property, and Parkside Prepetition Rents and its proceeds, and permitting HME to continue in the possession, custody, and control of the Generations Real Property, Prepetition Generations Rents, Parkside Real Property, and Parkside Prepetition Rents and its proceeds, and granting such other and further relief as is just and proper.

Dated this 15th day of January, 2025.

**VOGEL LAW FIRM**

BY:/s/ Drew J. Hushka
Caren W. Stanley (#06100)
cstanley@vogellaw.com
Drew J. Hushka (#08230)
dhushka@vogellaw.com
218 NP Avenue
PO Box 1389
Fargo, ND  58107-1389
701.237.6983
ATTORNEYS FOR RED RIVER STATE BANK

12

## **EXHIBIT A**

**(Proposed Order)**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| In Re:<br><br>GENERATIONS ON 1ST, LLC,<br><br>Debtor. | Case No.: 25-30002<br><br>Chapter 11 |
| In Re:<br><br>PARKSIDE PLACE, LLC,<br><br>Debtor. | Case No.: 25-30003<br><br>Chapter 11 |

**ORDER GRANTING RED RIVER STATE BANK'S MOTION UNDER SECTION 543(D) EXCUSING HME COMPANIES, LLC'S COMPLIANCE WITH SECTION 543 OF THE BANKRPUTCY CODE**

Upon the motion ("Motion") of Red River State Bank ("RRSB") for entry of an order pursuant to Sections 543(d)(1) and (d)(2) of title 11 of the United States Code ("Bankruptcy Code") excusing HME Companies, LLC ("HME") from compliance with Sections 543(a), (b) and (c) of the Bankruptcy Code; and it appearing that the Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 1334 and 157; and it appearing that the Motion is a core matter pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and adequate notice of the Motion has been given under the circumstances, and that no other or further notice need be given; and the Court having held a hearing to consider the relief requested in the Motion; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates,

their creditors, and other parties in interest; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby:

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED, as set forth herein.

2. HME is excused from compliance with Section 543(a) of the Bankruptcy Code and shall be permitted to make disbursement from, or take any action in the administration of, the Generations Real Property and the Parkside Real Property (collectively, the "Real Property"), the proceeds, product, offspring, rents, or profits of the Real Property or property of the estate, in HME's possession, custody, or control.

3. HME is excused from compliance with Section 543(b) of the Bankruptcy Code and shall not be required to:

   a. deliver to the Debtors any Real Property held by or transferred to HME or the proceeds, product, offspring, rents, or profits of such Real Property that was in HME's possession, custody, or control when HME acquired knowledge of the commencement of this case; and

   b. file an accounting of any Real Property of the Debtors, or proceeds, product, offspring, rents, or profits of such Property that, at any time, came into the possession, custody, or control of HME.

4. HME shall not be held liable for or be subject to a surcharge for any improper or excessive disbursements from the Real Property.

5. The Court retains jurisdiction with respect to all mater arising from or related to the implementation of this Order.

15

Dated:

SHON HASTINGS
JUDGE, UNITED STATES BANKRUPTCY COURT

Re:   **Generations On 1st LLC**
      **Case No. 25-30002**

      **Parkside Place, LLC**
      **Case No. 25-30003**

| | | |
|---|---|---|
| STATE OF NORTH DAKOTA | ) | |
| | ) SS | **CERTIFICATE OF SERVICE** |
| COUNTY OF CASS | ) | |

Sonie Thompson, being first duly sworn, does depose and say: she is a resident of Cass County, North Dakota, of legal age and not a party to or interested in the above-entitled matter.

On January 15, 2025, affiant caused the following document(s):

**RED RIVER STATE BANK'S MOTION EXCUSING
HME COMPANIES, LLC'S COMPLIANCE WITH
SECTION 543 OF THE BANKRPUTCY CODE
AND
PROPOSED ORDER**

to be served electronically to the following:

*ALL ECF Participants.*

         */s/ Sonie Thompson*
         Sonie Thompson

Subscribed and sworn to before me this 15th day of January, 2025.

         *Jill Nona*
(SEAL)         Notary Public, Cass County, North Dakota

4930-5709-3901 v.1

17